# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ELLEN BERRY | *   CIVIL ACTION NO._____ |
| PLAINTIFF, | * |
| | * |
| v. | * |
| | *   COMPLAINT AND |
| PORTFOLIO RECOVERY | *   DEMAND FOR A JURY TRIAL |
| ASSOCIATES, LLC, | * |
| DEFENDANT | * |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

ELLEN BERRY ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Defendant conducts business in the state of Louisiana, and therefore, personal jurisdiction is established.

5. Venue is proper pursuant to *28 U.S.C. 1391(b)(2).*

## PARTIES

6. Plaintiff is a natural person residing in Baton Rouge, East Baton Rouge Parish, Louisiana.

7. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

8. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

9. Defendant is a debt collection company with its headquarters in Norfolk, Virginia.

## FACTUAL ALLEGATIONS

10. Defendant is collecting from Plaintiff on a debt allegedly owed to Capital One in the amount of approximately $1,500.00.

11. In or around March of 2010, Defendant began placing collection calls to Plaintiff.

12. Defendant placed collection calls to Plaintiff at least one time per week.

13. On at least ten occasions, Plaintiff informed Defendant that she was on medical leave from work, on bed rest, and could not pay the debt.

14. Defendant continues to place collection calls to Plaintiff at least one time per week.

15. On or about November 8, 2010, Plaintiff agreed to a payment plan with Defendant that she was unable to make.

16. Plaintiff would not have agreed but for Plaintiff's continuous calls.

17. On December 7, 2010, Defendant threatened to sue Plaintiff if she did not continue to make payments.

18. Upon information and belief, Defendant has not filed legal action against Plaintiff.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

19. Defendant violated the FDCPA based on the following:

   a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

   b. Defendant violated *§1692d(5)* of the FDCPA when Defendant caused Plaintiff's telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   c. Defendant violated *§1692e* of the FDCPA by using false, deceptive or misleading representation or means in connection with the collection of Plaintiff's alleged debt.

   d. Defendant violated *§1692e(5)* of the FDCPA by threatening to sue Plaintiff if payment is not made even though such action cannot legally be taken.

   e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by telling Plaintiff that it would sue Plaintiff if payment is not made.

WHEREFORE, Plaintiff, ELLEN BERRY, respectfully requests judgment be entered against Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC for the following:

20. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k* , and

22. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

Dated: April 8, 2011          By: /s/ Kelli Denise Mayon          ,
　　　　　　　　　　　　　　　　Kelli Denise Mayon Esq.
　　　　　　　　　　　　　　　　Attorney for Plaintiff
　　　　　　　　　　　　　　　　kellimayon@gmail.com

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, ELLEN BERRY, demands a jury trial in this case.

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF LOUISIANA

Plaintiff, ELLEN BERRY, states the following:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, ELLEN BERRY, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

03/08/2011
Date

ELLEN BERRY